**Cornelius Dewitt ROBERTS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–84–219–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 1, 1984.

Neil McCabe, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and CANNON and DRAUGHN, JJ.

OPINION

DRAUGHN, Justice.

Cornelius Dewitt Roberts appeals from a jury conviction of felony theft and presents three grounds of error: (1) insufficient evidence to support the conviction, (2) trial court error in allowing the State's improper jury argument, and (3) trial court error in allowing an in-court identification based on an impermissibly suggestive pre-trial photographic array procedure. We sustain appellant's first ground of error, reverse the conviction, and remand the case to the trial court with instructions to enter an order of acquittal.

Since appellant's first ground of error involves sufficiency of the evidence, we must first review the relevant facts. Laurie Rice and her boyfriend, Michael Owens, were attending to her car's overheated radiator at a service station one evening, when appellant drove up and parked his car next to them. Appellant and a companion got out of their car and offered to sell Rice and Owens cocaine. The couple refused appellant's offer, replying that they already had some cocaine. Appellant then asked the couple to share their cocaine with him and his friend. When Rice and Owens refused, appellant and his partner announced that they were police officers and informed the couple that they were under arrest for possession of cocaine. As appellant asked the couple for names and addresses, his partner appeared to write the information down.

After approximately twenty minutes of this encounter, appellant returned to his car and stated as he drove off that he was going to get more officers to assist in the arrest. His companion remained and continued harassing the couple with the "arrest" charade. Approximately five minutes after appellant left, the companion

snatched Rice's purse and ran. Owens chased the man but failed to catch him.

Rice and Owens called the Houston Police Department and gave a full description of the men to two patrol officers. Two days later, the patrol officer who had interviewed Rice spotted appellant in the neighborhood where the offense occurred and placed him under arrest for the purse snatching. The officer also testified that he had seen appellant in that same neighborhood and had spoken with him earlier on the day of the offense.

Based on the foregoing evidence, the jury convicted appellant as a party to the purse snatching. The State asserted in its closing argument that a reasonable deduction from this evidence was that appellant and his companion, having failed at their primary objective of obtaining cocaine, instituted their back-up plan to procure money. The State argued that as part of a premeditated scheme, appellant must have driven around the corner, waited for his friend to come running with the purse, then drove the getaway car, preventing Owens from catching the purse snatcher.

The record is sadly lacking in evidence to support the State's conclusion. The boyfriend, Michael Owens, could not be located at time of trial; therefore, the State produced no evidence as to what happened in his pursuit of the thief. There was no evidence that the purse snatcher ran in the same direction in which appellant had driven off. The police never apprehended the purse snatcher himself and never recovered the purse or its contents. Furthermore, the State never connected appellant with the purse snatcher or the contents of the purse after the offense occurred.

The State contends that it produced sufficient evidence of a common scheme between appellant and the purse snatcher to warrant the deduction that appellant drove the getaway car. The key facts emphasized by the State are (1) appellant's impersonation of a police officer, (2) his parting comment that he was going to get more officers, (3) the theft of the purse about five minutes later, and (4) Owens's failure to catch the purse snatcher. The prosecutor argues that this evidence, while circumstantial, was entirely sufficient to support the jury's conviction of appellant as a party to the theft.

■ The standard for reviewing sufficiency of the evidence is the same for direct and circumstantial evidence: after viewing the evidence in the light most favorable to the prosecution, whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Jackson v. State*, 672 S.W.2d 801, 803 (Tex.Crim.App.1984) (en banc). In applying this standard to circumstantial evidence cases, the courts employ a process of elimination to determine whether the evidence excludes all other reasonable hypotheses of the appellant's conduct. "[I]f the evidence supports an inference other than the guilt of the appellant, a finding of guilt beyond a reasonable doubt is not a rational finding." *Denby v. State*, 654 S.W.2d 457, 464 (Tex.Crim.App.1983). Therefore, we must determine in the instant case whether the evidence supports any reasonable hypothesis of appellant's conduct other than the State's theory that appellant as part of a planned scheme drove the getaway car for the purse snatcher.

■ Looking at the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could not have found appellant guilty beyond a reasonable doubt because the evidence equally supports the inference that appellant simply abandoned the scene with no intention of assisting in the theft of the purse. The thief could have escaped capture that evening by outrunning Mr. Owens rather than by the use of a getaway car.

It is clear that appellant and his companion participated in a scheme to harass Rice and Owens. It is clear that they impersonated police officers for purposes of intimidating the couple into handing over any cocaine they may have possessed. It is a reasonable conclusion that appellant's part-

ing comment of "going to get more officers" was intended to further harass or intimidate them. However, it cannot clearly be said that the purse snatching itself was an intentional back-up scheme planned by appellant and his partner. Without a scintilla of evidence as to what Mr. Owens saw in his pursuit of the thief and without any testimony linking appellant to either the purse snatcher or the contents of the purse after the commission of the offense, we cannot say that the only reasonable conclusion is that appellant drove the getaway car and was therefore a party to the theft. Consequently, we hold that a rational trier of fact could not have found appellant guilty of the offense charged beyond a reasonable doubt.

Because we find there was insufficient evidence to support the conviction, we need not discuss appellant's other grounds of error. We reverse the conviction and remand the case with instructions to the trial court to enter an order of acquittal.